Citation Nr: 1607924 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 08-11 446 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to service connection for a right ear hearing loss.

2. Entitlement to an increased compensable rating for a bilateral hearing loss.

3. Entitlement to service connection hypertension as due to herbicide exposure. 

4. What initial evaluation is warranted for posttraumatic stress disorder since April 8, 2005?

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities. 


REPRESENTATION

Veteran represented by: Francis P. Kehoe, Attorney


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

T. Carter, Counsel


INTRODUCTION

The Veteran served on active duty from July 1969 to July 1971.

This case initially came before the Board of Veterans' Appeals (Board) on appeal from a November 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York.

In February 2012, the Board remanded the issues of entitlement to service connection for hearing loss and posttraumatic stress disorder for the RO to schedule a Travel Board hearing. In a subsequent February 2012 statement, the Veteran withdrew his request for a Board hearing and the case was returned to the Board for appellate review.

In April 2012, the Board reopened the issue of entitlement to service connection for a right ear hearing loss, granted entitlement to service connection for a left ear hearing loss, and remanded the issues of entitlement to service connection for hearing loss in the right ear and posttraumatic stress disorder for additional development.

In a May 2013 rating decision, the Appeals Management Center granted entitlement to service connection for posttraumatic stress disorder and assigned a noncompensable rating effective April 8, 2005. The Veteran submitted a timely notice of disagreement in June 2013. In June and August 2013, the Veteran requested a video conference hearing before the Board. The case was returned to the Board for appellate review.

In September 2013, the Board remanded the issue of entitlement to service connection for hearing loss in the right ear for the RO to schedule a video conference hearing. The issue of entitlement to an initial compensable evaluation for posttraumatic stress disorder was remanded for the RO to issue a statement of the case. 

In November 2014 rating decision a Decision Review Officer assigned a 70 percent rating for posttraumatic stress disorder effective April 8, 2005. The issue of entitlement to a total disability rating based on individual unemployability due to service-connected disabilities was deferred. The Veteran submitted a timely substantive appeal in December 2014. 

In December 2015, the Veteran testified at a video conference hearing before the undersigned. During the hearing, the Veteran waived initial Agency of Original Jurisdiction review of any additional evidence associated with the record. 

Since the 70 percent rating for posttraumatic stress disorder since April 8, 2005 does not represent the maximum rating available, this issue remains on appeal and listed on the title page accordingly. See AB v. Brown, 6 Vet. App. 35 (1993). The case has now been returned to the Board for appellate review.

This appeal was processed using the Veterans Benefits Management System (VBMS). The Virtual VA electronic claims file contains VA treatment records dated from April 2005 to September 2014 and the remaining records are duplicate copies of evidence already associated with VBMS. Accordingly, any future consideration of the case should take into consideration the existence of these electronic records.

In light of the Veteran's December 2015 hearing testimony regarding problems with swallowing, back pain, and sciatic pain, each claimed as secondary to Parkinson's Disease if the appellant wishes to claim entitlement to service connection for these disorders he is advised that a claim for benefits must be submitted on the application form prescribed by the Secretary. 38 C.F.R. §§ 3.1(p), 3.155, 3.160 (2015).

The issues of entitlement to an increased compensable rating for a bilateral hearing loss, entitlement to service connection hypertension as due to herbicide exposure, what initial evaluation is warranted for posttraumatic stress disorder since April 8, 2005, and entitlement to a total disability rating based on individual unemployability due to service-connected disabilities are addressed in the REMAND portion of the decision below and are REMANDED to the RO.


FINDINGS OF FACT

1. A right ear hearing loss for VA purposes was noted at the time of the Veteran's examination, acceptance and enrollment for military service.

2. There was an increase in the severity of the appellant's right ear hearing loss during service, and there is no clear and unmistakable evidence that such increase was due to the natural progress of the disability.


CONCLUSION OF LAW

A preexisting right ear hearing loss was aggravated inservice. 38 U.S.C.A. §§ 1110, 1111, 1153, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.306, 3.385 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. Given the decision below, a detailed explanation of how VA complied with its duties to notify and assist is unnecessary.

Every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C.A. § 1111. This presumption attaches only where there has been an induction examination in which the later-complained-of disability was not noted. The term "noted" denotes only such conditions as are recorded in examination reports. 38 C.F.R. § 3.304.

A preexisting disability or disease will be considered to have been aggravated by active service when there is an increase in disability during service, unless there is clear and unmistakable evidence (obvious and manifest) that the increase in disability is due to the natural progress of the disability or disease. 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306(a), (b); see Falzone v. Brown, 8 Vet. App. 398, 402 (1995) (holding that the presumption of aggravation created by section 3.306 applies only if there is an increase in severity during service); VAOPGCPREC 3-03; 69 Fed. Reg. 25,178 (2004). 

The May 1969 entrance examination report shows the Veteran's auditory threshold in the right ear was 45 decibels at 4000 Hertz. See 38 C.F.R. § 3.385 (A hearing loss disability for VA compensation purposes is established, in part, when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater.). As such, a hearing loss disability in the right ear for VA purposes was noted at the time of the Veteran's examination, acceptance and enrollment for military service.

Next, review of the Veteran's service treatment records show that the auditory threshold in the right ear increased above 45 decibels at 4000 Hertz. See a September 1970 service audiogram report. See Kelly v. Brown, 7 Vet. App. 471 (1995) (holding that the Board, as factfinder, is permitted to interpret these results). 

At the time of separation from service, the July 1971 examination report revealed right ear unimpaired hearing (15/15) based on whisper tests. The Board notes that whisper tests are not sensitive for high frequency hearing loss, they are not frequency specific, and they do not provide information regarding threshold shifts. Within one year of separation from service, the Veteran's auditory threshold in the right ear was 50 and 55 decibels at 4000 Hertz, as noted in a May 1972 civil service hearing examination report. While this increase does not represent a compensable increase in his hearing loss, it is evidence of a deterioration of auditory acuity. Hence, the Board finds that there was an increase in the severity of hearing loss in the right ear during service. 

The Veteran's statements and review of service personnel records consistently show credible evidence that he was exposed to loud noise while in service, as previously conceded in the April 2012 Board decision. Moreover, the February 2011, May 2012, January 2013, and February 2013 VA medical opinions of record obtained pursuant to this claim on appeal do not address the increase in the preexisting hearing loss in the right ear, shown at in September 1970 in-service audiogram report. After resolving any reasonable doubt in favor of the Veteran, the Board finds there is no clear and unmistakable evidence of record that increase of hearing loss in the right ear during service was due to the natural progress of the disability. 

As a result, the preexisting hearing loss in the right ear was aggravated by exposure to loud noise while in service and service connection is warranted. Wise v. Shinseki, 26 Vet. App. 517, 531 (2014) ("By requiring only an 'approximate balance of positive and negative evidence' the Nation, 'in recognition of our debt to our veterans,' has 'taken upon itself the risk of error' in awarding ... benefits.").


ORDER

Entitlement to service connection for hearing loss in the right ear is granted.


REMAND

In a July 2014 rating decision VA denied entitlement to a compensable rating for a left ear hearing loss (now to be reclassified as a bilateral hearing loss), and entitlement to service connection hypertension as due to herbicide exposure. In July 2015, the Veteran submitted a notice of disagreement with the July 2014 rating decision for these particular issues. Although the RO acknowledged receipt of the notice of disagreement, the record does not show the RO has issued a Statement of the Case. Given the law as decided by the Court of Appeals for Veterans Claims, the Board must remand for issuance of a Statement of the Case. Manlincon v. West, 12 Vet. App. 238, 240-241 (1999).

A remand is needed to obtain any outstanding medical records based upon the March 2013 Social Security Administration decision for disability benefits to the Veteran. In addition, a letter from the Nassau Vet Center identifies the Veteran has been seeking treatment for service-connected posttraumatic stress disorder and nonservice-connected major depressive disorder from that facility since April 2011. To date there is no indication that an attempt has been made to obtain these records. This request is potentially be relevant to the remaining issues of what initial evaluation is warranted for posttraumatic stress disorder since April 8, 2005 and entitlement to a total disability rating based on individual unemployability due to service-connected disabilities. Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Accordingly, the case is REMANDED for the following actions:

1. Issue a statement of the case addressing the issues of entitlement to an increased compensable rating for a bilateral hearing loss and entitlement to service connection hypertension as due to herbicide exposure. The statement of the case should include a discussion of all relevant evidence considered and citation to all pertinent law and regulations. A timely appeal has to be filed for the matter to be returned to the Board. Otherwise the appeal may be closed by the RO.

2. The RO must request any records upon which the March 2013 Social Security Administration decision for disability benefits to the Veteran was based and associate them with the claims file.

The RO must also obtain and associate with the claims file any relevant outstanding VA treatment records dated since September 2014 from the Nassau Vet Center dated since April 2011. All attempts to obtain records should be documented in the claims folder.

If the RO cannot locate such records, it must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any government records would be futile. The RO must then: (a) notify the Veteran of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claim. The Veteran must then be given an opportunity to respond.

3. When the development requested has been completed, the issues of what initial evaluation is warranted for posttraumatic stress disorder since April 8, 2005, entitlement to an increased rating for a bilateral hearing loss, and entitlement to a total disability rating based on individual unemployability due to service-connected disabilities should be reviewed by the RO on the basis of additional evidence. If any benefit sought is not granted, the Veteran and his attorney should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs